# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| JOHN DOE and JANE DOE, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No.: 16-CV-00071-FJG |
| | ) |
| UNITED STATES OF AMERICA, ET AL., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Currently pending before the court is plaintiff's Motion to Proceed Under Pseudonym (Doc. # 2) and defendant's Motion to Dismiss (Doc. # 14).

## I. BACKGROUND

The Does' claims arise from an enforcement action filed by the Federal Trade Commission. Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), authorizes the FTC, through its attorneys to initiate federal court proceedings to enjoin violations and to secure equitable relief. In 2013, Helen Wong, an attorney with the FTC initiated an investigation into John Doe's employer. Based on the results of her investigation and as part of her official duties, Wong filed a complaint against Doe's employer and a number of its executives alleging violations of Section 5(a) of the FTC Act. John Doe was not named as a party, but was involved in the practices at issue and was deposed by the FTC. During the deposition, John Doe provided personally identifiable information ("PII"). In the course of her work on the case against the Does' employer, Wong prepared a reply brief in support of a motion for preliminary injunction. In his deposition, Doe testified to facts which supported the FTC's legal position. Thus, Wong

decided to include portions of the deposition transcripts in her reply suggestions. Wong stated in her Affidavit that she instructed other employees of the FTC with whom she was working to redact any personal identifiable information contained in the exhibits. Wong states that the brief was filed under her ECF ID in the Court's filing system. Wong states in her affidavit that at the time the filing was complete, she believed that the exhibits contained only the redacted deposition transcript. However, approximately one hour after the reply suggestions had been filed, she learned that the unredacted transcripts had been inadvertently attached as exhibits to the preliminary injunction brief. In her affidavit, Wong states that she immediately tried to remove the documents, but was unable to do so. She left a voicemail on the After Hours Emergency number for the Western District of Missouri. She also emailed the Western District of Missouri district court clerk and the FTC's Privacy Officer to inform them that two exhibits that contained the personally identifiable information had been inadvertently filed on the court's ECF system. The exhibits were eventually placed under seal.

Plaintiffs allege that the deposition, with the identifying information, was taken from the Court's electronic filing system and re-posted on the internet by third-parties. Plaintiffs allege that following the reposting, they have been the victim of a variety of attacks on their identities and physical threats have been made against them. On January 28, 2016, plaintiffs filed a Complaint stating that their dates of birth, address, driver's license numbers, marital status, emails and Mr. Doe's social security number were put into the public court record by the FTC. Plaintiffs sued the United States of America and Helen Wong, in her official capacity as legal counsel to the FTC. Plaintiffs state that the Court has jurisdiction pursuant to the privacy protections of the

2

Case 4:16-cv-00071-FJG   Document 28   Filed 09/26/16   Page 2 of 13

Constitution of the United States, the Privacy Act of 1974, 28 U.S.C.§ 552a, the Federal Tort Claims Act and the law of the State of Missouri. Plaintiffs asserted three counts in their Complaint: Count I - state law claim for Invasion of Privacy; Count II - Government Disclosure of Private Identifying Information and Count III - Constitutional Right to Privacy – Privacy Act. (Doc. # 1).

## II. STANDARD

To survive a motion to dismiss under 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662,129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A pleading that merely pleads "labels and conclusions" or a "formulaic recitation" of the elements of a cause of action, or "naked assertions" devoid of "further factual enhancement" will not suffice. Id. (quoting Twombly). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Under Fed. R. Civ. P. 12(b)(6) we must accept the plaintiff's factual allegations as true and grant all reasonable inferences in the plaintiff's favor. Phipps v. FDIC, 417 F.3d 1006, 1010 (8th Cir. 2005).

In Driesen v. Smith, No. C13–4037–MWB, 2014 WL 24234 (N.D.Iowa Jan. 2, 2014), aff'd, 584 Fed.Appx. 292 (8th Cir. 2014), the Court explained the standards for Fed.R.Civ.P. 12(b)(1).

> A motion attacking the court's subject matter jurisdiction is governed by Federal Rule Civil Procedure 12(b)(1). A Rule 12(b)(1) motion can either attack the complaint's claim of jurisdiction on its face or it can attack the factual basis for jurisdiction.... In a facial challenge to jurisdiction, all of the

3

> factual allegations concerning jurisdiction are presumed to be true and the motion is successful if the plaintiff fails to allege an element necessary for subject matter jurisdiction.... If the [defendant] wants to make a factual attack on the jurisdictional allegations of the complaint, the court may receive competent evidence such as affidavits, deposition testimony, and the like in order to determine the factual dispute.

Id. at * 6.

### III. DISCUSSION

#### A. Motion for Leave to Proceed Under Pseudonym

Plaintiffs have filed a Motion for Leave to Proceed Under a Pseudonym. Plaintiffs state that if they are required to proceed under their own names, it will require them to re-disclose private information which was initially wrongfully disclosed. Plaintiffs also argue that the Government will not be prejudiced if they are allowed to proceed under a pseudonym because a Notice of Claim has been provided which lists their real names. Additionally, plaintiffs state that the public interest in ascertaining their identity is minimal when balanced against the harm it might potentially cause.

The Government states that Fed.R.Civ.P. 10(a) states that "[t]he title of the complaint must name all the parties." The Government also notes that there is a "strong presumption against allowing parties to use a pseudonym." W.G.A. v. Priority Pharmacy, Inc., 184 F.R.D. 616, 617 (E.D.Mo.1999). The Government argues that although the Does have asserted that some personally identifiable information was disclosed in a previous lawsuit and that this information is still publicly available, that does not necessarily mean that they should be allowed to proceed under a pseudonym in this case. The Government states that to the extent that any personally identifiable information needs to be disclosed to the Court, it may be redacted from the public filings and unredacted documents may be provided to the Court.

4

In the case In re Ashley Madison Customer Data Security Breach Litigation, MDL No. 2669, 2016 WL 1366616 (E.D.Mo. Apr. 6, 2016), the Court stated:

> The public has a First Amendment right to access judicial proceedings, and that right includes the identity of the parties to litigation. . . .Indeed, when a plaintiff commences an action in federal court, he invites public scrutiny of the dispute and the proceeding. . . .The decision to allow pseudonyms is within a court's discretion. . . .Neither the Eighth Circuit nor the Supreme Court has addressed the issue of when a pseudonym may be used; however, many federal courts of appeal and numerous district courts have reached this issue. . . .These courts have held that a totality-of-the circumstances balancing test must be used when deciding whether a party can sue under a pseudonym; in other words, the court must ascertain whether the plaintiff has a substantial privacy right which outweighs the customary constitutionally-embedded presumption of openness in judicial proceedings. . . .The courts have identified several factors common to cases in which a plaintiff has been permitted to proceed under a fictitious name, including (1) where the plaintiff is challenging government activity; (2) where the plaintiff is required to disclose information of the utmost intimacy; and (3) where the plaintiff risks criminal prosecution through the information contained in the pleading.

Id. at *2 (internal citations and quotations omitted).

In the instant case, plaintiffs have asserted Privacy Act claims against the government, so it is arguable that they fit into the first category identified above – challenging government activity. Additionally, plaintiffs state that as a result of the Government's disclosure, a third party has attempted to take out a loan in their name and they have been forced to obtain restraining orders as a result of death threats made against them. The Court finds that the Government would not be prejudiced if the plaintiffs were allowed to proceed under a pseudonym, as the plaintiffs' identities are already known to the Government, as a result of the Notice of Claim plaintiffs filed. Additionally, as the Court noted in M.M. v. Zavaras, 139 F.3d 798, 803 (10th Cir.1998), this may be a case where the "injury litigated against would be incurred as a result of

5

the disclosure of the plaintiff's identity."  Accordingly, after weighing all of the factors, the Court finds that the plaintiffs' interest in maintaining their anonymity outweighs the public's right of access to judicial proceedings.  Accordingly, the Court hereby **GRANTS** plaintiffs' Motion to Proceed under a Pseudonym (Doc. # 2).

### B. Motion to Dismiss

#### 1. Constitutional Right to Privacy – Count III

In its Motion to Dismiss, the Government stated that the Does' claims under <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388, 91 S.Ct. 619, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) may not be maintained against Wong or the United States.  <u>See</u> <u>Buford v. Runyon</u>, 160 F.3d 1199, 1203 (8th Cir. 1998)("It is well settled that a *Bivens* action cannot be prosecuted against the United States and its agencies because of sovereign immunity.").  Plaintiffs in response agreed that it may not maintain this claim and have voluntarily withdrawn their claims asserted under <u>Bivens</u>.  Accordingly, the Court hereby **GRANTS** the Government's Motion to Dismiss Count III – Constitutional Right to Privacy.

#### 2. Federal Tort Claims Act - Invasion of Privacy – Count I

In their Complaint, the Does seek to assert FTCA claims against both the United States and Helen Wong, as legal counsel for the FTC.  However, the Government notes in its Motion to Dismiss that the claims against Wong are redundant of the FTCA claims being asserted against the United States and must be dismissed.  In <u>Hernandez v. United States</u>, 34 F.Supp.3d 1168,1176-77 (D.Colo. 2014), the Court stated: "Congress has explicitly provided that the only proper party in an action under the FTCA is the United States, not the agency nor federal officials or employees. . . .In other words,

federal agencies and federal employees acting within the scope of their employment, are not proper defendants under the FTCA." Accordingly, the Court finds that Wong is not a proper defendant under the FTCA claim and accordingly **DISMISSES** plaintiffs' claims against Wong.

> Under the Federal Tort Claims Act, the government cedes its sovereign immunity to the extent that it will allow itself to be sued "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674 (2000). Thus, when a private party asserts a tort claim against the United States, the United States, subject to certain exceptions not here in play, may be held liable to the same extent as if it were an ordinary tortfeasor under state law.

Audio Odyssey, Ltd. v. United States, 373 F.3d 870, 872 (8th Cir. 2004). "When a claim is brought under the FTCA, the law of the state where the alleged wrongful act occurred is used to define the elements of the tort allegedly committed by a federal employee." Drapeau v. United States, No. Civ. 04-4091, 2006 WL 517646, *4 (D.S.D. 2006).

Plaintiffs state that Missouri law applies to this claim. (Complaint, ¶24). In Howard v. Frost National Bank, 458 S.W.3d 849 (Mo.App. 2015), the Court stated:

> The tort of invasion of privacy actually consists of four separate causes of action, (1) intrusion on the plaintiff's seclusion or private affairs; (2) public disclosure of embarrassing private facts; (3) publically placing plaintiff in a false light; and (4) the appropriation of plaintiff's name or likeness. St. Anthony's Medical Center v. H.S.H., 974 S.W.2d 606, 609 (Mo.App.E.D. 1998).

Id. at 854. In the instant case, the only cause of action applicable would be public disclosure of embarrassing private facts. In McNally v. Pulitzer Pub. Co., 532 F.2d 69 (8th Cir.) cert. denied, 429 U.S. 855 (1976), the Court stated,"[t]he generally recognized elements of the tort of public disclosure of private facts are (1) the publication, (2) absent any waiver or privilege, (3) of private matters in which the public has no

7

legitimate concern, (4) such as to bring shame or humiliation to a person of ordinary sensibilities." Id. at 78.

The Government states that plaintiff cannot assert a claim under the FTCA because the actions of Helen Wong are protected by absolute immunity. Section 2674 of the FTCA states:

> [w]ith respect to any claim under this chapter, the United States shall be entitled to assert any defense based upon judicial or legislative immunity which otherwise would have been available to the employee of the United States whose act or omission gave rise to the claim, *as well as any other defenses to which the United States is entitled.*

28 U.S.C.§ 2674 (emphasis added). In Doe v. U.S., 829 F.Supp. 59, 61 (S.D.N.Y. 1993), the Court found that the United States was entitled to assert the defense of prosecutorial immunity in FTCA cases. Prosecutorial immunity has also been extended to federal agency officials and agency attorneys. In Butz v. Economou, 438 U.S. 478, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978), the Court stated:

> We also believe that agency officials performing certain functions analogous to those of a prosecutor should be able to claim absolute immunity with respect to such acts. The decision to initiate administrative proceedings against an individual or corporation is very much like the prosecutor's decision to initiate or move forward with a criminal prosecution. An agency official, like a prosecutor, may have broad discretion in deciding whether a proceeding should be brought and what sanctions should be sought. . . .We believe that agency officials must make the decision to move forward with an administrative proceeding free from intimidation or harassment. . . .We turn finally to the role of an agency attorney in conducting a trial and presenting evidence on the record to the trier of fact. We can see no substantial difference between the function of the agency attorney in presenting evidence in an agency hearing and the function of the prosecutor who brings evidence before a court. . . .We therefore hold that an agency attorney who arranges for the presentation of evidence on the record in the course of an adjudication is absolutely immune from suits based on the introduction of such evidence.

8

Id. at 515-17. This protection also extends to officials in a civil context. In McCreary v. Heath, No. Civ.A. 04-0623 PLF, 2005 WL 3276257, *6 (D.D.C. Sept. 26, 2005), the Court noted that "[p]rosecutors and agency officials performing functions analogous to those of prosecutors enjoy absolute personal immunity from civil suits arising from acts or omissions in these capacities."

In Nixon v. Francis, No. CV-15-00247-TUC-JGZ(CRP), 2016 WL 825094 (D.Ariz. Feb.16, 2016), the Court stated:

> In determining whether the actions of government officials come within the scope of absolute immunity, courts consider the "nature of the function performed, not the identity of the actor who performed it." Buckley v. Fitzsimmons, 509 U.S. 259,269 (1993). Under this approach, absolute immunity extends to the conduct of prosecutors that is "intimately associated with the judicial phase of the criminal process." Id. at 270 (citing Imbler v. Pachtman, 424 U.S. 409, 430 (1976)). . . .Prosecutorial immunity may appropriately be asserted as a defense in cases where the United States has been substituted as the defendant.

Id. at *4. In considering what types of actions qualify for absolute immunity, courts have found that "[t]he advocacy function is not limited to activity which takes place in the courtroom. It also entails obtaining, reviewing, and evaluating evidence, as well as conducting discovery and filing pleadings and motions with the court." Moore v. Schlesinger, 150 F.Supp.2d 1308,1313 (M.D.Fla. 2001). See also Smith v. Erickson, 884 F.2d 1108, 1111 (8th Cir.1989)("the filing of complaints and other documents is an integral part of the judicial process and [the district court clerk] would be protected by judicial immunity from damages for civil rights violations committed in connection with the performance of such tasks.").

In the instant case, plaintiffs claim that Helen Wong, counsel for the FTC, filed a pleading with the Court which contained an unredacted exhibit. The exhibit was a

9

deposition transcript which contained the Does' personally identifiable information. In her affidavit, Ms. Wong states that "as part of my official duties as an attorney at the FTC and in the course of my work as an FTC attorney on the case against Employer, I prepared a reply brief in support of a preliminary injunction against Employer and its executives. Because Doe had testified in his . . .deposition to facts supporting the FTC's legal position, two exhibits which contained the transcript of the deposition were attached to the brief. In the course of my work as an FTC attorney, I instructed other employees of the FTC with whom I was working to redact any PII contained in the exhibits. The brief was filed at my direction and under my Case Management/Electronic Case Files ("ECF") ID in the ECF filing system of the United States District Court in the Western District of Missouri. (Wong Affidavit, ¶¶ 10-11). The Court finds that the actions of Ms. Wong are protected under the absolute immunity doctrine, because the filing of a pleading is an action which is part of the advocacy function of agency counsel. Accordingly, the Court hereby **GRANTS** the Government's Motion to Dismiss **Count I – Invasion of Privacy**.

### 3. Count II - Government Disclosure of Private Identifying Information – Privacy Act Claim

Plaintiffs state in the Complaint that the Court has jurisdiction pursuant to "the privacy protections of the Constitution of the United States, the Privacy Act of 1974, 28 U.S.C. §552a, the Federal Tort Claims Act and the law of the state of Missouri." (Complaint, ¶ 10). The United States in the Motion to Dismiss stated that in the Complaint the Does did not plead or assert any direct private-right-of-action claim for damages for any direct violation of the Privacy Act. The Government stated that the

10

Case 4:16-cv-00071-FJG   Document 28   Filed 09/26/16   Page 10 of 13

Does' Complaint did "not even plead or reference any specific provision of the Privacy Act." (Motion to Dismiss, Doc. # 14, p.19, n.5).

Plaintiffs in response state that the "FTC's own public admissions show that plaintiffs in this case have been actually damaged (Ex. 2) and the damages alleged have not been challenged (Ex. 1). Any suggestion that the Privacy Act claims are somehow barred is simply not accurate. The Privacy Act is implicated for the type of disclosure that occurred here." (Suggestions in Opposition, Doc. # 24, pp. 10-11). In reply, the Government states that the Court should not now read into the Complaint allegations that are neither directly pleaded nor supported by any factual contentions. The Government continues to argue that the Complaint "asserts no claim for a statutory violation of the Privacy Act. The eleventh hour attempt by the Does to suggest that the Complaint does include such a claim is unsupported by the law and by the plain and straightforward language of the Complaint itself. To the extent the Does are now alleging some supposed violation of the Privacy Act, they have failed to plead facts and law sufficient to state a claim upon which relief may be granted against either the United States or the FTC." (Reply Suggestions, Doc. # 27 p. 8).

In reviewing the Does' Complaint, it is clear that they did make reference to the Privacy Act, citing it under the Jurisdiction and Venue heading in ¶ 10. Additionally, plaintiffs title their third count as "Constitutional Right to Privacy – Privacy Act." In their second count titled "Government Disclosure of Private Identifying Information" plaintiffs state the following:

> 33. The defendants have a duty to foresee that its actions would expose plaintiffs to an unreasonable risk of aggression by others.

11

34. Defendants breached their duty by negligently disclosing plaintiffs' Private and Sensitive Identifying Information, exposing plaintiffs to an unreasonable risk of aggression by others.

35. Defendants' actions damaged plaintiffs.

In order to state a wrongful disclosure claim under 5 U.S.C. §552a(g)(1)(D):

> Plaintiffs must allege the following elements to maintain a wrongful disclosure claim: (1) the information released was covered under the Privacy Act as a "record" contained in a "system of records"; (2) an agency disclosed the information; (3) the disclosure had an adverse effect on the plaintiff; and (4) the disclosure was willful or intentional.

Afshar v. Everitt, No. 04-1104-CV-W-FJG, 2005 WL 2898019, *3 (W.D.Mo. Oct. 31, 2005). Although the Does' Complaint alleges a violation of the Privacy Act, there are no allegations in the Complaint which meet these elements. This might explain the Government's confusion as to whether plaintiffs were asserting a claim under this statute. In light of the Court's rulings on plaintiffs' other claims and in order to allow plaintiffs an opportunity to clarify their Privacy Act claim, the Court will allow plaintiffs an opportunity to file an Amended Complaint. The Amended Complaint shall not include any claims or defendants[1] which the Court has dismissed, and shall provide additional details regarding their claim for relief pursuant to the Privacy Act. Plaintiffs shall file their Amended Complaint on or before **October 7, 2016**.

### IV. CONCLUSION

Accordingly, for the reasons stated above, the Court hereby **GRANTS** plaintiffs' Motion for Leave to Proceed Under Pseudonym (Doc. # 2), and **GRANTS IN PART** and **DENIES IN PART** the Government's Motion to Dismiss (Doc. # 14).

---

[1] Plaintiffs shall be mindful in filing their Amended Complaint that Privacy Act claims may not be asserted against individual agency employees.

The Court **GRANTS** the Government's Motion to Dismiss Helen Wong as a defendant and **GRANTS** the Motion to Dismiss Count III – Constitutional Right to Privacy.

The Court **GRANTS** the Motion to Dismiss Count I – Federal Tort Claims Act – Invasion of Privacy.

The Court **DENIES** the Government's Motion to Dismiss Count II – Government Disclosure of Private Identifying Information. Plaintiffs shall file an Amended Complaint which more fully expands upon this claim on or before **October 7, 2016**.

Date: September 26, 2016**S/ FERNANDO J. GAITAN, JR.**
Kansas City, MissouriFernando J. Gaitan, Jr.
United States District Judge