# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| JOHN DOE and JANE DOE, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No.: 16-CV-00071-FJG |
| | ) |
| UNITED STATES OF AMERICA, ET AL., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Currently pending before the court is defendant's Motion to Dismiss (Doc. # 34).

## I. BACKGROUND

The Does' claims arise from an enforcement action filed by the Federal Trade Commission. Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), authorizes the FTC, through its attorneys to initiate federal court proceedings to enjoin violations and to secure equitable relief. In 2013, Helen Wong, an attorney with the FTC initiated an investigation into John Doe's employer. Based on the results of her investigation and as part of her official duties, Wong filed a complaint against Doe's employer and a number of its executives alleging violations of Section 5(a) of the FTC Act. John Doe was not named as a party, but was involved in the practices at issue and was deposed by the FTC. During the deposition, John Doe provided personally identifiable information ("PII"). In the course of her work on the case against the Does' employer, Wong prepared a reply brief in support of a motion for preliminary injunction. In his deposition, Doe testified to facts which supported the FTC's legal position. Thus, Wong decided to include portions of the deposition transcripts in her reply suggestions. Wong

stated in her Affidavit that she instructed other employees of the FTC with whom she was working to redact any personal identifiable information contained in the exhibits. Wong states that the brief was filed under her ECF ID in the Court's filing system. Wong states in her affidavit that at the time the filing was complete, she believed that the exhibits contained only the redacted deposition transcript. However, approximately one hour after the reply suggestions had been filed, she learned that the unredacted transcripts had been inadvertently attached as exhibits to the preliminary injunction brief. In her affidavit, Wong states that she immediately tried to remove the documents, but was unable to do so. She left a voicemail on the After Hours Emergency number for the Western District of Missouri court. She also emailed the Western District of Missouri district court clerk and the FTC's Privacy Officer to inform them that two exhibits that contained the PII had been inadvertently filed on the court's ECF system. The exhibits were eventually placed under seal.

  Plaintiffs allege that the deposition, with the identifying information, was taken from the Court's electronic filing system and re-posted on the internet by third-parties. Plaintiffs allege that following the reposting, they have been the victims of a variety of attacks on their identities and physical threats have been made against them. On January 28, 2016, plaintiffs filed a Complaint stating that their dates of birth, address, driver's license numbers, marital status, emails and Mr. Doe's social security number were put into the public court record by the FTC. Plaintiffs sued the United States of America and Helen Wong, in her official capacity as legal counsel to the FTC. Plaintiffs state that the Court has jurisdiction pursuant to the privacy protections of the Constitution of the United States, the Privacy Act of 1974, 28 U.S.C.§ 552a, the Federal

Tort Claims Act and the law of the State of Missouri. Plaintiffs asserted three counts in their initial Complaint: Count I - state law claim for Invasion of Privacy; Count II - Government Disclosure of Private Identifying Information and Count III - Constitutional Right to Privacy – Privacy Act. (Doc. # 1). The Government filed a motion to dismiss arguing that a Bivens claim may not be maintained against the United States or a government employee in their official capacity, the FTC attorney was not a proper defendant under the FTCA and the FTCA claim was barred by absolute immunity. The Government did not reference the Privacy Act, because although it was briefly mentioned, it did not believe that a claim had been asserted under that statute. In response, plaintiffs withdrew their Bivens claim and the Court dismissed the remaining claims. However, plaintiffs were given an opportunity to file an amended complaint with additional details regarding their Privacy Act claim. The plaintiffs filed an Amended Complaint on October 21, 2016. The Government now moves to dismiss the Privacy Act claim on the basis that plaintiffs have failed to sufficiently allege that the FTC acted in an "intentional and willful" manner and also because plaintiffs have failed to sufficiently allege that they have suffered actual damages.

## II. STANDARD

To survive a motion to dismiss under 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662,129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A pleading that merely pleads "labels and conclusions" or a "formulaic recitation" of the elements of a cause of action, or "naked assertions" devoid of "further

factual enhancement" will not suffice. Id. (quoting Twombly). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Under Fed. R. Civ. P. 12(b)(6) we must accept the plaintiff's factual allegations as true and grant all reasonable inferences in the plaintiff's favor. Phipps v. FDIC, 417 F.3d 1006, 1010 (8th Cir. 2005).

## III. DISCUSSION

### A. Have Plaintiffs Alleged Intentional and Willful Conduct?

The Privacy Act states in part:

**(b) Conditions of disclosure**- No agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains, [unless subject to certain exemptions, which are not relevant here].
. . .

**(g)(1) Civil remedies**. – Whenever an agency
. . .
**(D)** fails to comply with any other provision of this section, or any rule promulgated thereunder, in such a way as to have an adverse effect on an individual, the individual may bring a civil action against the agency, and the district courts of the United States shall have jurisdiction in the matters under the provisions of this subsection.
. . .
**(g)(4)** In any suit brought under the provisions of subsection (g)(1)(C) or (D) of this section in which the court determines that the agency acted in a manner which was intentional or willful, the United States shall be liable to the individual in an amount equal to the sum of --

**(A)** actual damages sustained by the individual as a result of the refusal or failure, but in no case shall a person entitled to recovery receive less than the sum of $1,000; and

**(B)** the costs of the action together with reasonable attorney fees as determined by the court.

5 U.S.C. § 552a.

4

The Government argues that plaintiffs have failed to allege facts constituting "intentional" or "willful" conduct as is required by the Privacy Act. The Government states that the factual allegations in the Amended Complaint, even if assumed to be true, do not show any intent to release plaintiffs' personal information. The Government refers to a Declaration of Helen Wong, the FTC Attorney who filed the unredacted exhibits and states that Ms. Wong's declaration negates any conclusion that the filing was willful or intentional. At most, the Government argues that such conduct is negligent. In opposition, plaintiffs state that the Amended Complaint alleges intentional and willful conduct in ¶ ¶ 42, 43, 44, 45, 46 and 47.

Plaintiffs also note that in the Motion to Dismiss the Government states that a redacted version of the deposition was prepared and if the FTC had purposely intended to disclose the PII, there would have been no reason to prepare a redacted exhibit. However, plaintiffs state that whether a redacted version of the deposition testimony existed is a fact which is not in evidence or properly before the Court on a Motion to Dismiss. Additionally, the Government states that in her declaration, Ms. Wong states that at 3:00 a.m. shortly after the FTC's Reply Suggestions were filed, she immediately took steps to remove the PII from the Court record. Plaintiffs argue that they deserve the opportunity to completely investigate the circumstances of this disregard of their privacy and publication of Mr. Doe's PII. Plaintiffs allege that anyone placing the social security number of a private citizen into a public court record or not observing computerized warnings regarding redaction or court rules for electronic filing should have known that such actions were unlawful.

The Court agrees and finds that it would be improper to rely on the Declaration of Ms. Wong at this stage of the proceedings. Fed.R.Civ.P. 12(d) states:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

In <u>Lemieux v. Soo Line Railroad Co.</u>, No. 16-194 (JRT/HB), 2017 WL 3535292, *2 (D.Minn. Aug. 16,2017), the Court stated:

> the Court may consider for the purpose of a Rule 12 motion documents "necessarily embraced by the complaint." <u>Enervations, Inc. v. Minn. Mining & Mfg. Co.</u>, 380 F.3d 1066,1069 (8th Cir. 2004). "Documents necessarily embraced by the [complaint] include 'documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading.'" <u>Ashanti v. City of Golden Valley</u>, 666 F.3d 1148,1151 (8th Cir. 2012)(quoting <u>Kushner v. Beverly Enters. Inc.</u>, 317 F.3d 820,831 (8th Cir. 2003)).

In the instant case, the Court finds that the Declaration of Ms. Wong is not necessarily embraced by the Complaint – the Complaint does not reference the Declaration or allege any of the factual information contained in the Declaration. Thus, the Court finds that it would be inappropriate to consider the Declaration and convert the Rule 12 (b)(6) motion into a summary judgment motion at this stage of the proceedings, as discovery in this case has not yet commenced and the parties have not even exchanged Rule 26 disclosures. After examining the pleadings and accepting plaintiffs' allegations as true and granting all inferences in their favor, the Court finds that plaintiffs have adequately alleged that the actions of the FTC in filing the unredacted exhibit was intentional or willful. Accordingly, the Court hereby **DENIES** the FTC's Motion to Dismiss on this ground.

### B. Have Plaintiffs Adequately Alleged Actual Damages?

Alternatively, the Government argues that the Amended Complaint fails to state a Privacy Act claim because the plaintiffs have not plead actual damages. The Government argues that under the Privacy Act, the plaintiffs must show "actual damages" which is the equivalent of "special damages" and that such damages must be specially plead. FAA v. Cooper, 566 U.S. 284, 299, 132 S.Ct. 1441, 1453, 182 L.Ed.2d 497 (2012). The Government notes that in the instant case, the Amended Complaint alleges that the disclosure of Mr. Doe's PII had "adverse effects on [them], such as threats of physical harm, identity theft, and threats against [their] professional licensure." (Doc. # 61, p. 6). However, the Government notes that plaintiffs do not specify how such consequences were tied to the disclosure of the PII nor do they allege any concrete harm or quantify the pecuniary or economic damages they suffered.

In opposition, plaintiffs state that "[t]he requirement for Privacy Act cases is that there be 'actual damages', not that the damages are subject to enhanced pleading. The cases use the language of 'special damages' to explain what should be demonstrated at trial or on summary judgment but do not make an enhanced pleading rule." (Plaintiff's Suggestions in Opposition, p. 17). Plaintiffs then state that there is sufficient information in the Amended Complaint from which to construe their pecuniary losses. Plaintiffs state that they have received threats of bodily harm, have been notified that they are victims of identity theft and received threats to their professional licenses. Plaintiffs also state that if the allegations in the Amended Complaint are not sufficient to construe pecuniary loss, previous motion practice has detailed the nature of their losses. Plaintiffs then refer to an affidavit filed by their expert and a Notice of Claim that they

served on the FTC prior to filing this action which had a detailed list of actual losses incurred.

The Court disagrees that plaintiffs are not required to specifically plead their special damages. In Welborn v. Internal Revenue Service, 218 F.Supp.3d 64 (D.D.C. 2016), the Court stated:

> [t]o plead any Privacy Act claim adequately, a plaintiff must plead 'actual-that is, pecuniary or material-harm' [FAA v.]Cooper, 132 S.Ct. at 1451. . . .The Privacy Act does not allow a claim for damages based on reputational or emotional harm. Id. at 1454-56 ("[T]he Privacy Act does not unequivocally authorize an award of damages for mental or emotional distress. . . .As a result, Plaintiffs must specifically allege actual damages to survive a motion to dismiss for failure to state a claim. The Court will not assume actual damages based on a conclusory statement that Plaintiffs and Class members 'have suffered or are at increased risk of suffering from' a list of potential harms. . . .Plaintiffs must specifically allege that they have suffered calculable damages to survive Defendants' motion to dismiss.

Id. at 82. In the instant case, the only allegations contained in plaintiff's Amended Complaint are the following:

> 41. Defendant failed to comply with the provisions of the Privacy Act as outlined above and its actions had adverse effects on the plaintiffs, such as threats of physical harm, identity theft, and threats against plaintiffs' professional licensure.
> . . .
> 47. The information released was covered under the Privacy Act as a "record" contained in a "system of records"; the FTC, a U.S. Agency, disclosed PII records; the disclosure had an adverse effect on plaintiffs and the disclosure was willful and intentional.

(Doc. # 31, Plaintiff's First Amended Complaint). The Court finds that these allegations are insufficient. Also, such allegations must be included in the Complaint itself and not in statements of claim filed in other actions or in previous pleadings. In Hill v. U.S. Dept. of Defense, 70 F.Supp.3d 17 (D.D.C. 2014), the Court in analyzing a motion to amend found that the plaintiff in his original complaint alleged only that he sought professional

8

assistance and that he has lost employment opportunities. The Court noted that the plaintiff had not 'specially plead[ ]' these as damages, as required for special damages. . . .The proposed amended complaint cures this deficiency by specially pleading pecuniary damages." Id. at 21 (internal citations and quotations omitted). The Court found the proposed Amended Complaint to be sufficient because the plaintiff added specific statements to each count describing what material, pecuniary loss he suffered as a result of the disclosures. The Court stated that "[d]irect out-of-pocket expenses, such as payment for medical services, are the very definition of pecuniary losses." Id. As the Court has found that plaintiffs have stated a claim for a violation of the Privacy Act, the Court will not dismiss plaintiffs' Complaint for failure to specially plead damages for pecuniary or material harm. Rather, the Court will allow plaintiffs an opportunity to file a Second Amended Complaint which will specially plead the required actual damages. Plaintiffs shall file their Second Amended Complaint on or before **September 18, 2017**.

## IV. CONCLUSION

Accordingly, defendant's Motion to Dismiss is hereby **DENIED** (Doc. # 34). Plaintiffs are directed to file a Second Amended Complaint on or before **September 18, 2017**.


Date: September 11, 2017                             **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri                                  Fernando J. Gaitan, Jr.
                                                                            United States District Judge